**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE: KINCHEN, DANIEL                           CASE NO. 05-14576

        DEBTOR(S)                                CHAPTER 7

**MOTION AND MEMORANDUM TO COMPEL DEBTOR TO MAKE PAYMENT FOR PROPERTY OF THE ESTATE AND FOR SANCTIONS FOR FAILURE TO COOPERATE WITH THE TRUSTEE**

The Motion and Memorandum of Martin A. Schott, Trustee, respectfully represents that:

1.

The debtor, Daniel Kinchen, filed bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code on October 14, 2005. Martin A. Schott is the trustee.

2.

The trustee sent a Notice of Case Administration to the debtor on March 7, 2006 setting forth the amounts due for the non-exempt property. A deadline of April 7, 2006 was given for the debtor to respond to the notice and/or make payment for the property. A copy of that letter is attached to this Motion as Exhibit "A". The debtor was also advised at his first meeting of creditors held on February 9, 2006, to file and remit copies of his 2005 federal and state tax returns to the trustee. The debtor has not done so.

3.

The debtor has refused to make payment on and/or turn over property of the estate.

4.

The debtor has used property of the estate and it has depreciated in value. As a result, the option to surrender is no longer available and the debtor must pay the value of the property.

The debtor has failed to pay for the property. There is a balance due of $5,072.00.

6.

The debtor received his discharge on April 11, 2006.

7.

As a result of the debtors' failure to cooperate with the trustee, the trustee is unable to administer the case. Pursuant to 11 U.S.C. §521(3), the "debtor(s) shall, if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title".

8.

The trustee also requests that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee and requiring this motion. The trustee specifically reserves the right to have the amount of this sanction increased to an amount equal to any attorneys fees incurred by the trustee after trial of an adversary proceeding seeking to revoke the debtor's discharge if that becomes necessary.

WHEREFORE, the trustee prays that this Honorable Court order the debtor to turn over the balance of $5,072.00 for the non-exempt property, with interest at the federal rate from April 7, 2006 until paid, remit copies of his 2005 federal and state tax

returns and turnover any refunds upon receipt to the trustee, and that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee.

                                                RESPECTFULLY SUBMITTED BY:

                                                /s/Martin A. Schott
                                                Martin A. Schott, (11822)
                                                Trustee
                                                7922-B Wrenwood Blvd.
                                                Baton Rouge, LA 70809
                                                (225) 928-9292 office
                                                (225) 924-2469 fax
                                                ctschott@bellsouth.net

**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: KINCHEN, DANIEL | CASE NO. 05-14576 |
| DEBTOR(S) | CHAPTER 7 |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion and Memorandum in Support thereof has been served upon the debtor, **Daniel Kinchen, 3455 Westervelt Dr., Baton Rouge, LA 70820**; the debtor's attorney of record, **Patrick Garrity, 13702 Coursey Blvd., Building 3, Baton Rouge, LA 70817**; and the United States Trustee, Texaco Center, Suite 2110, 400 Poydras Street, New Orleans, LA 70130 by placing a copy of same in the United States mail, first class, postage prepaid and properly addressed on this 12th day of July, 2006.

                                                /s/Michelle Jones

**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE: KINCHEN, DANIEL                          CASE NO. 05-14576

        DEBTOR(S)                            CHAPTER 7

**MOTION AND MEMORANDUM TO COMPEL DEBTOR TO MAKE PAYMENT FOR PROPERTY OF THE ESTATE AND FOR SANCTIONS FOR FAILURE TO COOPERATE WITH THE TRUSTEE**

The Motion and Memorandum of Martin A. Schott, Trustee, respectfully represents that:

1.

The debtor, Daniel Kinchen, filed bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code on October 14, 2005. Martin A. Schott is the trustee.

2.

The trustee sent a Notice of Case Administration to the debtor on March 7, 2006 setting forth the amounts due for the non-exempt property.  A deadline of April 7, 2006 was given for the debtor to respond to the notice and/or make payment for the property.  A copy of that letter is attached to this Motion as Exhibit "A".  The debtor was also advised at his first meeting of creditors held on February 9, 2006, to file and remit copies of his 2005 federal and state tax returns to the trustee. The debtor has not done so.

3.

The debtor has refused to make payment on and/or turn over property of the estate.

4.

The debtor has used property of the estate and it has depreciated in value.  As a result, the option to surrender is no longer available and the debtor must pay the value of the property.

The debtor has failed to pay for the property. There is a balance due of $5,072.00.

6.

The debtor received his discharge on April 11, 2006.

7.

As a result of the debtors' failure to cooperate with the trustee, the trustee is unable to administer the case. Pursuant to 11 U.S.C. §521(3), the "debtor(s) shall, if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title".

8.

The trustee also requests that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee and requiring this motion. The trustee specifically reserves the right to have the amount of this sanction increased to an amount equal to any attorneys fees incurred by the trustee after trial of an adversary proceeding seeking to revoke the debtor's discharge if that becomes necessary.

WHEREFORE, the trustee prays that this Honorable Court order the debtor to turn over the balance of $5,072.00 for the non-exempt property, with interest at the federal rate from April 7, 2006 until paid, remit copies of his 2005 federal and state tax

returns and turnover any refunds upon receipt to the trustee, and that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee.

                                      RESPECTFULLY SUBMITTED BY:

                                      /s/Martin A. Schott
                                      Martin A. Schott, (11822)
                                      Trustee
                                      7922-B Wrenwood Blvd.
                                      Baton Rouge, LA 70809
                                      (225) 928-9292 office
                                      (225) 924-2469 fax
                                      ctschott@bellsouth.net

**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE: KINCHEN, DANIEL                                  CASE NO. 05-14576

    DEBTOR(S)                                         CHAPTER 7

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion and Memorandum in Support thereof has been served upon the debtor, **Daniel Kinchen, 3455 Westervelt Dr., Baton Rouge, LA 70820**; the debtor's attorney of record, **Patrick Garrity, 13702 Coursey Blvd., Building 3, Baton Rouge, LA 70817**; and the United States Trustee, Texaco Center, Suite 2110, 400 Poydras Street, New Orleans, LA 70130 by placing a copy of same in the United States mail, first class, postage prepaid and properly addressed on this 12th day of July, 2006.

                                                  /s/Michelle Jones

**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE: KINCHEN, DANIEL                              CASE NO. 05-14576

        DEBTOR(S)                                        CHAPTER 7

**MOTION AND MEMORANDUM TO COMPEL DEBTOR TO MAKE PAYMENT FOR PROPERTY OF THE ESTATE AND FOR SANCTIONS FOR FAILURE TO COOPERATE WITH THE TRUSTEE**

The Motion and Memorandum of Martin A. Schott, Trustee, respectfully represents that:

1.

The debtor, Daniel Kinchen, filed bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code on October 14, 2005. Martin A. Schott is the trustee.

2.

The trustee sent a Notice of Case Administration to the debtor on March 7, 2006 setting forth the amounts due for the non-exempt property. A deadline of April 7, 2006 was given for the debtor to respond to the notice and/or make payment for the property. A copy of that letter is attached to this Motion as Exhibit "A". The debtor was also advised at his first meeting of creditors held on February 9, 2006, to file and remit copies of his 2005 federal and state tax returns to the trustee. The debtor has not done so.

3.

The debtor has refused to make payment on and/or turn over property of the estate.

4.

The debtor has used property of the estate and it has depreciated in value. As a result, the option to surrender is no longer available and the debtor must pay the value of the property.

5.

The debtor has failed to pay for the property. There is a balance due of $5,072.00.

6.

The debtor received his discharge on April 11, 2006.

7.

As a result of the debtors' failure to cooperate with the trustee, the trustee is unable to administer the case. Pursuant to 11 U.S.C. §521(3), the "debtor(s) shall, if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title".

8.

The trustee also requests that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee and requiring this motion. The trustee specifically reserves the right to have the amount of this sanction increased to an amount equal to any attorneys fees incurred by the trustee after trial of an adversary proceeding seeking to revoke the debtor's discharge if that becomes necessary.

WHEREFORE, the trustee prays that this Honorable Court order the debtor to turn over the balance of $5,072.00 for the non-exempt property, with interest at the federal rate from April 7, 2006 until paid, remit copies of his 2005 federal and state tax

returns and turnover any refunds upon receipt to the trustee, and that the debtor be sanctioned in the amount of $400.00 for failing to cooperate with the trustee.

              RESPECTFULLY SUBMITTED BY:

              /s/Martin A. Schott
              Martin A. Schott, (11822)
              Trustee
              7922-B Wrenwood Blvd.
              Baton Rouge, LA 70809
              (225) 928-9292 office
              (225) 924-2469 fax
              ctschott@bellsouth.net

**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE: KINCHEN, DANIEL                                CASE NO. 05-14576

        DEBTOR(S)                                        CHAPTER 7

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion and Memorandum in Support thereof has been served upon the debtor, **Daniel Kinchen, 3455 Westervelt Dr., Baton Rouge, LA 70820**; the debtor's attorney of record, **Patrick Garrity, 13702 Coursey Blvd., Building 3, Baton Rouge, LA 70817**; and the United States Trustee, Texaco Center, Suite 2110, 400 Poydras Street, New Orleans, LA 70130 by placing a copy of same in the United States mail, first class, postage prepaid and properly addressed on this 12th day of July, 2006.

                                                            /s/Michelle Jones

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE: KINCHEN, DANIEL          CASE NO. 05-14576

Debtor(s)          CHAPTER 7

### NOTICE OF CASE ADMINISTRATION

*NOTE TO DEBTORS:*
*Your response deadline to this Notice of Case Administration is April 7, 2006. If you fail to respond, I will file a motion to compel your cooperation and seek monetary sanctions from you.*

TO:     Daniel Kinchen

FROM:     Martin A. Schott, Trustee

DATE SENT:     March 8, 2006

As a result of your filing bankruptcy, you must meet the following requirements before your bankruptcy case will be closed. The "Discharge of Debtors" you will or have received in the mail **DOES NOT** complete your case. You must consult with **YOUR ATTORNEY,** not **MY OFFICE**, if you are unsure of how to proceed or need further legal advice. If your attorney fails or refuses to assist you, he or she may be ordered to appear before the Bankruptcy Judge.

Requirements for the completion of your bankruptcy case are as follows:

1. **TO KEEP YOUR PROPERTY:**
   If you wish to keep your property highlighted on Exhibit "A" (copy attached), you must purchase it from your bankruptcy estate (through me, your Trustee) by order of the Court. As your Trustee, I will submit the necessary Motion for Sale of Property of the Estate. Review this exhibit **CAREFULLY**, with your attorney if necessary. **DO NOT** phone my office in need of an explanation of either the sale price or property. If you have ANY questions, call your attorney.

   You MUST sign the "Acceptance of Offer" and return it to my office with Exhibit "A" attached. I will issue a Bill of Sale immediately after the Judge signs the order approving the sale, but **ONLY IF** you have paid the sale price by check or money order **IN FULL!** You may not sell, donate, transfer, encumber or otherwise dispose of any property until you have paid in full, a Court Order has issued authorizing the sale, and the trustee has issued a Bill of Sale to you.

   TOTAL SALES PRICE REQUIRED: $ 5072.00 + Amount in Section 2

    Make check or money order payable to **MARTIN A. SCHOTT, TRUSTEE**.

    <u>NOTE:</u>    Partial payments will not be accepted. **DO NOT** phone this office or have your attorney contact this office trying to make other arrangements. Payment will only be accepted in full!!

If full payment has not been received by the trustee within 30 days of the date of this letter, you will be required to surrender all property listed on Exhibit "A" that is highlighted and has a value assigned to it in Column 3.

    <u>ATTORNEYS:</u>    If there is an objection or higher offer made for your client's property, you and your client may want to attend the Hearing of the Motion to Sell Property.

2. **OTHER MONEY YOU OWE <u>IN ADDITION TO</u> THE SALES PRICE REQUIRED IN SECTION 1**

    Other money you owe the estate, for example, security deposits, bank deposits, non-exempt wages, etc:

    <u>SEE HIGHLIGHTED ITEMS ON EXHIBIT A</u>
    <u>(THESE ITEMS ARE DENOTED BY AN \*)</u>

    <u>TOTAL</u>    <u>$  0.00</u>

3. **IF YOU <u>DO NOT WANT TO KEEP</u> THE PROPERTY**

If you **DO NOT** wish to keep the property listed in Exhibit "A" (copy attached), you **MUST** surrender all of the property immediately. You may not pick and choose items. You must purchase all of the property or surrender all of the property. If you decide you do not want the property, contact **MY OFFICE in writing** (not your attorney's office) to make arrangements. Please provide the following information:

    A.    Your Name and Case Number
    B.    A List of Property to be Surrendered
    C.    Pictures of the Property to be Surrendered

    MARTIN A. SCHOTT
    Chapter 7 Trustee
    7922-B Wrenwood Blvd.
    Baton Rouge, LA 70809
    (225) 928-9292

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: KINCHEN, DANIEL                       CASE NO. 05-14576

     Debtor(s)                                          CHAPTER 7

### KEEPER AGREEMENT

TO:     WHOM IT MAY CONCERN

FROM:   MARTIN A. SCHOTT, TRUSTEE

The debtor(s), **Daniel Kinchen**, are/is authorized to retain possession, as custodian for the trustee, the following described property of the estate:

### SEE EXHIBIT "A" ATTACHED

Debtor(s) are/is authorized to hold said property, pending further notice or disposition by the trustee or the Bankruptcy Court, and are/is not to sell or dispose of same. Debtor(s) shall store said property in a safe place of debtor(s) choosing, and shall be solely liable for any loss of, or damage to, said property while in possession of the debtor(s). Any insurance required on the property is to be purchased and maintained at debtor(s) expense. All vehicles must be insured with full coverage until the estate is paid in full.

Baton Rouge, Louisiana this 9TH day of _____, 2006.

_____
Chapter 7 Trustee

*************************************************************

### ACCEPTANCE OF OFFER

ATTENTION DEBTOR(S):

YOU OR YOUR ATTORNEY MUST INDICATE YOUR ACCEPTANCE OF THE OFFER TO PURCHASE AND ACKNOWLEDGMENT OF TERMS UNDER WHICH YOU MAY RETAIN POSSESSION OF PROPERTY BY SIGNING AND RETURNING THIS DOCUMENT TO ME IMMEDIATELY.

_____
Daniel Kinchen, DEBTOR                              DATE

OR

_____
Patrick Garrity, DEBTOR'S ATTORNEY                  DATE